**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 26-cv-03087-RMR

EDDY DESIRE RUKUNDO,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado,
GEORGE VALDEZ, Acting Director, Denver Field Office, U.S. Immigration and Customs Enforcement,
DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, and
TODD BLANCHE, United States Attorney General,

Respondents.

---

**ORDER**

---

Petitioner Eddy Desire Rukundo ("Petitioner") is a citizen of Burundi who entered the United States in 2013. ECF No. 1 ¶ 1. He has been detained by Immigration and Customs Enforcement ("ICE") since August 2024. In 2014, Petitioner applied for asylum, *id.* ¶ 2, and on May 20, 2025, while he was detained, the Immigration Court held a hearing on his asylum application. *Id.* ¶ 34. The Immigration Judge denied his application and found that he was ineligible for withholding of removal. ECF No. 1-1 at 3. Petitioner appealed, ECF No. 1 ¶ 36. On February 27, 2026, the Board of Immigration Appeals ("BIA") affirmed the Immigration Judge's denial of Petitioner's asylum application but remanded the matter for further proceedings regarding Petitioner's eligibility for withholding of removal. ECF No. 1-1 at 25-28.

On March 5, 2026, Petitioner filed a petition for a writ of habeas corpus. Case No. 26-cv-897-CNS, ECF No. 1. On April 26, 2026, the Honorable Judge Sweeney denied that petition. Case No. 26-cv-897-CNS, ECF No. 13. She found that the BIA's denial of Petitioner's asylum application constituted a final order of removal and, thus, 8 U.S.C. § 1231(a)(1)(A) gave ICE authority to keep Petitioner in custody for up to 90 days from the date of that final order. Case No. 26-cv-897-CNS, ECF No. 13 at 2-3. On May 11, 2026, on remand, the Immigration Judge granted Petitioner withholding of removal. ECF No. 1 ¶ 41. Petitioner has not been removed and remains in ICE custody. *Id.* ¶ 43. He, therefore, has filed this second petition for writ of habeas corpus. ECF No. 1.[1] He seeks immediate release from custody, along with other relief. *Id.* at 18-19.

The relief requested by Petitioner, and the legal claims and arguments upon which it is premised, are familiar to the Court and the parties. Petitioner contends that he is being improperly detained under 8 U.S.C. § 1231(a). Respondents state they "are not submitting a brief in opposition to the Petition." ECF No. 7 at 1. They submit that if the Court grants the Petition, "the appropriate relief would be an order directing Petitioner's release on conditions to be set by the Department of Homeland Security." *Id.* at 2. Given this response and the fact that over six months have passed since February 27, 2026, the Court indeed finds Petitioner's release appropriate. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (establishing the presumptively reasonable six-month period of detention). However, any release conditions to be set by DHS must be limited to those outlined

[1] Respondents filed a response to the Petition and the Court's Order to Show Cause. ECF No. 7.

in 8 U.S.C. § 1231(a)(3): "(A) to appear before an immigration officer periodically for identification; (B) to submit, if necessary, to a medical and psychiatric examination at the expense of the United States Government; (C) to give information under oath about the alien's nationality, circumstances, habits, associations, and activities, and other information the Attorney General considers appropriate; and (D) to obey reasonable written restrictions on the alien's conduct or activities that the Attorney General prescribes for the alien."

## CONCLUSION

For the reasons set forth above, IT IS ORDERED that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents shall **IMMEDIATELY RELEASE** Petitioner on his own recognizance, along with all his personal belongings, without onerous conditions of release, including, without limitation, GPS monitoring, mandatory reporting, or other restrictions on his movement. Respondents shall facilitate Petitioner's transportation from the detention facility by providing all necessary identity and travel documents to return to his primary address;
3. Respondents are **ENJOINED** from re-arresting or re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that he is a flight risk or danger to the community such that his physical custody is legally justified pursuant to 8 U.S.C § 1226(a). At any such bond hearing, Respondents shall bear the burden of proof, and Petitioner shall be allowed to have counsel present. This injunction shall

remain in effect until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;

4. During such periods of time as Petitioner remains in Respondents' custody, Respondents shall continue to be **ENJOINED** from removing, transferring, or causing the removal or transfer of Petitioner from the District of Colorado until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;

5. On or before **September 3, 2026**, Respondents shall file a status report certifying compliance with this Order.

DATED: August 31, 2026

BY THE COURT:

REGINA M. RODRIGUEZ
United States District Judge